IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SYNTHIA EMEH EDUGU,                    *

Plaintiff,                             *

v.                                     *        Civil Action No. 8:25-cv-3717-PX

KRISTI NOEM, et al.,                   *

                                       *

Defendants.

                                      ***

**MEMORANDUM ORDER**

Pending is Defendants'[1] Motion to Dismiss the Complaint.  ECF No. 4.  Synthia Emeh Edugu ("Edugu") has not responded to the motion and the time for doing so has long passed.  The Court needs no hearing.  *See* Loc.R. 105.6.  For the following reasons, the motion, construed as one to dismiss, is granted.

Edugu filed her application for asylum and withholding of removal on March 28, 2023, and the United States Citizenship and Immigration Services ("USCIS") has yet to decide whether to grant her relief.  ECF No. 1. ¶ 14.  Edugu asks the Court to invoke its power under the Mandamus Act, 28 U.S.C. §§ 1361 & 1651, to compel USCIS' adjudication, and to declare that continued USCIS inaction amounts to a violation of the Administrative Procedure Act, 5 U.S.C. §§ 555 & 701 ("APA").  *Id*. at ¶¶ 30–55.

---

[1] The Court refers to Defendants Todd Blanche, U.S. Attorney General; Markwayne Mullin, Secretary, U.S. Department of Homeland Security ("DHS"); Joseph B. Edlow, Director, United States Citizenship and Immigration Services ("USCIS"); Jedidah Hussey, Director of the Arlington Asylum Office; and Kelly O. Hayes, United States Attorney for the District of Maryland, collectively as "Defendants."  Further, pursuant to Federal Rule of Civil Procedure 25(d), former U.S. Attorney General, Pamela Bondi, is replaced with current Acting U.S. Attorney General Todd Blanche; former DHS Secretary, Kristi Noem, is replaced with current DHS Secretary, Markwayne Mullin; and former Acting Director of USCIS, Kika Scott, is replaced with current USCIS Director, Joseph B. Edlow.  The Clerk is directed to update the docket accordingly.

1

Defendants principally contend that the Court lacks jurisdiction to hear the claims, which the Court must address first, pursuant to Federal Rule of Civil Procedure 12(b)(1).  The plaintiff bears the burden of showing this Court retains jurisdiction.  *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).  The Court "may consider evidence outside the pleadings" relevant to the jurisdictional question.  *Id.*  Where the Court lacks jurisdiction, dismissal must be without prejudice.  *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

Under the Mandamus Act, the Court retains original jurisdiction only to compel a federal officer or agency "to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Accordingly, the Court may consider exercising its mandamus powers solely related to Defendants' performance of mandatory or ministerial duties.  *In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *see also Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998).

The relevant asylum provision sets out no clear statutory duty on USCIS's part to adjudicate the asylum petition within a set time frame.  Although 8 U.S.C. § 1158(d)(5)(A)(iii) states that "in the absence of exceptional circumstances," asylum applications "shall be completed within 180 days," Congress also made clear that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."  *Id.* § 1158(d)(7).  Further, without a private right of action, no "'non-discretionary duty [is] owed to asylum applicants to adjudicate applications within a specified timeframe.'"  *Debela v. Donis*, No. 25-CV-0234-ABA, 2026 WL 696539, at *2 (D. Md. Mar. 12, 2026) (quoting *Noumbissie v. Garland*, No. 22-CV-3357-RDB, 2023 WL 8600510, at *2 (D. Md. Nov. 1, 2023)).  *See also Bermegi v. Donis*, No. 25-CV-00889-LKG, 2026 WL 123903, at *3 (D. Md. Jan. 16, 2026) ("Because there is no private

right of action under Section 1158 . . . , the Plaintiff has not shown that the Defendants owe him a 'clear duty' to complete the adjudication of his asylum application within the timeframe set forth in Section 1158.") (citing *Noumbissie*, 2023 WL 8600510, at *2); *Tawah v. Mayorkas*, No. 8:23-CV-2920-TJS, 2024 WL 2155060, at *2 (D. Md. May 14, 2024)(same); *Martynenko v. Donis*, No. 24-CV-02218-LKG, 2025 WL 1685667, at *4 (D. Md. June 16, 2025) (same).   The Court, therefore, lacks subject matter jurisdiction to hear the claim.

Likewise, as to the APA claims, the Court lacks the power under the APA to compel agency action that is "committed to agency discretion by law." *Debela*, 2026 WL 696539, at *2 (collecting cases). *See also* 5 U.S.C. § 701(a).  Nor can the Court adjudicate an APA claim unless the APA authorizes judicial review of the challenged agency action. *See NAACP v. Bureau of the Census*, 945 F.3d 183, 191 (4th Cir. 2019).  Because the 180-day adjudication time is discretionary, and the APA does not otherwise confer judicial review of the agency action, the Court lacks jurisdiction to review the claims.

Moreover, even if the Court retained jurisdiction, the Complaint fails to state a valid APA claim.  ECF No. 4-1 at 24.  The only conceivable APA claim permits adjudication of agency action "unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  Whether agency action is "unreasonably delayed" turns on the six factors articulated in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984). They are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is

3

unreasonably delayed.

*Id*.

Each factor cuts against the sufficiency of the claim.  As to the first two factors, the Court agrees that USCIS's use of a combination of a "Last-In First-Out ("LIFO") policy and a backlog reduction effort" creates a "rule of reason."  *Tawah,* 2024 WL 2155060, at *3 (citation omitted); *Noumbissie*, 2023 WL 8600510, at *3 (D. Md. Nov. 1, 2023).  This is so because while Congress set the 180-day time for asylum adjudication, "'it also provided that this timeline is unenforceable and gave the agency discretion to depart from it in exceptional circumstances, such as the current backlog [in processing asylum applications].'"  *Tawah,* 2024 WL 2155060, at *3 (quoting *Noumbissie*, 2023 WL 8600510, at *3).  *See also* 8 U.S.C. § 1158(d)(5)(A); ECF No. 4-1 at 26.

The third and fifth factors are addressed together because they each concern risks of prejudice to Edugu.  *Aghamohammadi v. Rubio*, No. CV DKC 24-2801, 2025 WL 2687343, at *13 (D. Md. Sept. 19, 2025).  No facts make plausible that delay involves a serious risk to human health or welfare or otherwise prejudices Edugu, apart from the delay itself.  This is especially true since she remains in the United States while she awaits her interview.  *See* ECF No. 1 at ¶ 22. While the Court sympathizes with Edugu for the uncertainty she faces, that uncertainty alone does not compel relief under the APA.

As to the fourth factor, which "carries the greatest weight," *Ngwi v. Noem*, No. TJS-25-CV-1007, 2026 WL 456573, at *5 (D. Md. Feb. 18, 2026) (citation omitted), the grant of relief would move Edugu to "the head of the queue" and "all others back one space," without regard to how such reordering may effect applicants with greater priority. *Jahangiri v. Blinken*, No. DKC-23-CV-2722, 2024 WL 1656269, at *11 (D. Md. Apr. 17, 2024) (alterations in original) (quoting

*Milligan v. Pompeo*, 502 F. Supp. 3d 302, 319 (D.D.C. 2020)).  *See also Tawah*, 2024 WL 2155060, at *3.  Last, under the sixth factor, nothing suggests Government impropriety.

Accordingly, it is this 29th day of June 2026, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1. The Motion to Dismiss the Complaint at ECF No. 4 is **GRANTED**;

2. The Complaint is **DISMISSED without prejudice** for lack of jurisdiction;

3. The Clerk is **DIRECTED** to **TRANSMIT** via ECF a copy of this Order to the Parties; and

4. The Clerk shall **CLOSE** this case.

Date:   June 29, 2026

/s/
_____
PAULA XINIS
United States District Court

5